IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN KEITH SAMPLES                                                                   PLAINTIFF

      v.                           Civil No. 08-5124

MEDICAL STAFF OF THE
WASHINGTON COUNTY
DETENTION CENTER                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Brian Keith Samples filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. When he filed this action, Samples was incarcerated at the Washington County Detention Center. He was then released. All mail sent to him at detention center was returned as undeliverable. Samples failed to provide the court with a change of address. Samples was informed when he filed this case that he had a duty to let the court know of any changes in his address.

A court staff member was able to obtain the address Samples provided detention center personnel when he was booked in. The court then entered a change of address on Samples behalf (Doc. 5). The clerk was directed to re-mail to Samples any pleadings or correspondence which may have been returned as undeliverable.

Samples was directed to show cause by September 22, 2008, why this case should not be dismissed based on his failure to keep the court informed of his change of address (Doc. 5). Samples was advised that if he failed to respond to this order that this case would be dismissed based on his failure to prosecute this action and his failure to respond to this order.

To date, Samples has not responded to the show cause order. The court's order has not been returned as undeliverable. Samples has not communicated with the court in anyway.

I therefore recommend that this case be dismissed based on Samples' failure to obey the order of this court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**Samples has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Samples is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of April 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE